UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

CRAIG CUNNINGHAM, Pro-se )
)
*Plaintiff* )
) CIVIL ACTION NO.: **3-15 0179**
v. )
)
United Shuttle Alliance Transportation Corp dba USA Travel and Tours, and Silver Lake Resort Ltd., Armando Vazquez, and Joseph Eulo )

*Defendants.*

### Plaintiff's Original complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, United Shuttle Alliance Transportation Corp operates a website usatravelandtours.com and is a Florida Corporation operating from 3501 W. Vine Street, Ste 316, Kissimmee, FL 34741. They have a registered agent named Armando Vazquez with an address of 2127 White Wood Court, Orlando, FL 32837. They have a seller of travel license from the state of Florida, ST 38861, which corresponds to the seller of travel license on the listed website.

3. Armando Vazquez is a natural person and officer of United Shuttle Alliance Transportation Corp., and can be served at 2127 White Wood Court, Orlando, FL 32837.

4. Joseph Eulo is a natural person and is the chief operating officer and can be

served at 905 Siesta Dr., Kissimmee, FL 34741.

5. Silve Lake Resort Ltd. is a resort that is listed on the USA travel and tours website and is a Florida corporation operating from 7751 Black Lake Rd. Kissimmee, FL 34747. The registered agent is AJ Stanton JR, with an address of 390 N. Orange Ave, Ste 260, Orlando, FL 32801.

## Jurisdiction

6. Jurisdiction of this court arises as the acts happened in this county.

7. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here. Personal jurisdiction is apparent as the defendants are making calls to the state of Tennessee for the purpose of soliciting Tennessee residents to travel to Florida.

## FACTUAL ALLEGATIONS

8. In 2015, the Plaintiff received an automated phone calls to the Plaintiff's phone which were not related to any emergency purpose and without the Plaintiff's consent. The call contained an automated message as well that did not contain the name, address, or phone number of the calling entity. The calls were made from 407-934-7349 on 2/10/2015.

9. The recording offered a free vacation package at a 75% discount, and when the plaintiff connected with an agent, the agent stated that he had a vacation package at a 75% discount on a trip to Florida. The agent asked some general questions

about who the Plaintiff would travel with and confirmed that the Plaintiff did have a credit card and income levels. The agent stated that the Plaintiff qualified and the Plaintiff had to take advantage of the offer by the end of the call.

10. The agent stated that the Plaintiff had a 4 day, 3 night trip to Orlando and 3 day 2 night stay in Daytona Beach or Miami beach. The Plaintiff inquired as to what hotels the Plaintiff would be staying at, and the agent stated it would be the Silver Lake resorts hotel.

11. The agent noted that there would be a 90 minute presentation at each resort, most likely for a timeshare presentation, and stated that the website for the company is www.usatravelandtours.com. The agent stated the price was $598 for the various timeshare pitches. The Silver Lake Resort is listed on the USA travel and Tours website as one of their featured destinations and the Silver Lake resort sells time shares.

12. These calls violated the Telephone Consumer protection act, 47 USC 227 (b) by their automated nature and entitle the Plaintiff to $1500 per call in damages.

13. The pre-recorded calls violated the TCPA due to not containing the required information as required by 47 USC 227 (c) as codified by the FCC's 47 CFR 64.1200(d)(4) additional TCPA violations occurred violating 64.1200(d)(6) and (d)(3) due to the Defendant's failure to honor the Plaintiff's do not call request, and their failure to maintain a record of the Plaintiff's previous request to be placed on the do not call list. These are a separate category of violations entitling the Plaintiff to an additional $1500 per call. In total, the Plaintiff is entitled to recover $3000 per call.

14. Silverlake Resorts is directly liable for the calls as it is their services that are being sold during the call. Additionally, this is not the first time Silver Lake has had problems with automated calls as they were sued by the FTC for violations of the Telemarketing Sales rule, which they settled in the year 2000. Silver Lake resorts is also vicariously liable for the calls under the doctrines of agency, apparent authority, and ratification as the knowingly profited from the illegal calls made selling their services and had influence and control over the calls that were made, including compensation paid to USA Travel and Tours for arranging for new timeshare prospective buyers.

## CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

15. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

16. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message that failed to contain the name, address, and phone number for the entity for which the calls are being place as required under the TCPA in violation of 47 USC 227(c)

### COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

17. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls with pre-recorded messages to the Plaintiff's phone. These calls violated 47 USC 227(b)

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls.

D. Punitive Damages in the amount of $15,000

E. Attorney's fees for bringing this action as incurred; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,   February 22nd 2015

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

828-291-7465