```
                 UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

CRAIG CUNNINGHAM,              )
                               )
        Plaintiff              )
                               )       No. 3:15-0179
v.                             )       Chief Judge Sharp/Brown
                               )
UNITED SHUTTLE ALLIANCE        )
TRANSPORTATION CORP d/b/a      )
USA TRAVEL AND TOURS, *et al.*,)
                               )
        Defendants             )

### O R D E R

Presently pending are three motions in this matter.

The first, **Docket Entry 10**, is a motion to dismiss purportedly filed on behalf of the Defendants United Shuttle Alliance Transportation Corporation d/b/a USA Travel and Tours, Silver Lake Resort Ltd., Armando Vazquez, and Joseph Eulo.

The Magistrate Judge would note that the motion lists the wrong case number and does not use a proper caption. The proper caption for the case should be similar to the one used in this order.

The motion is signed with an indecipherable signature and no typed name shown. Additionally, there is no certificate of service as required by the Federal Rules of Civil Procedure.

There is no indication that whoever signed the document is an attorney. At least two of the Defendants are corporations, and corporations must be represented by an attorney. They cannot be represented by a nonattorney, even though the nonattorney may be an officer or shareholder. *Terrell Demolition, Inc. v. City of*

*Cincinnati*, 786 F.2d 1166 (6th Cir. 1986). Nor may a *pro se* plaintiff represent another individual. *Shepherd v. Wellman*, 313 F.3d 963, 970-1 (6th Cir. 2002). Given the nature of the signature, the Magistrate Judge is unable to conclude that the motion is signed by an attorney or by any particular individual Defendant. In it's present form the motion (Docket Entry 10) is **STRICKEN.**

Next is **Docket Entry 13**. Plaintiff has filed a motion for entry of default. The motion for default is for the Clerk of Court. However, the Magistrate Judge notes that the Plaintiff merely concludes that the individual Defendant Kevin Lawrence is not a current member of the armed forces.

As the Plaintiff is well aware from pleadings he has filed in other cases, such as *Cunningham v. Trilegiant Corp., et al.*, 3:14-2181, there is a procedure by which the determination of military status can be obtained from the Department of Defense (*see* Docket Entry 34 in that case).

The Magistrate Judge would also note that in this motion the Plaintiff attempts to join a motion for default with a motion for default judgment. As the Plaintiff should know, this is a two-step process. The Plaintiff must first obtain a default. Once that is obtained, the Plaintiff may then seek a default judgment. If he seeks a sum certain, a default judgment may be entered by the Clerk. In the event he does not seek a sum certain, the amount must be set for a hearing.

Finally, in **Docket Entry 14**, the Plaintiff has filed a motion to strike the Defendants' motion to dismiss (Docket Entry 10). Given the deficiencies noted above in the motion to dismiss, the **Clerk** is directed to **STRIKE** the motion to dismiss. The Plaintiff's motion to strike (Docket Entry 10) is therefore **TERMINATED** as moot.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge